UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION<br>6 Corporate Drive, Suite 650<br>Shelton, CT 06484<br><br>        Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR<br>1849 C Street NW,<br>Washington, DC 20240<br><br>        Defendant. | Case No. 3:24-cv-1942 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff NATIONAL SHOOTING SPORTS FOUNDATION ("NSSF"), for its Complaint against Defendant UNITED STATES DEPARTMENT OF THE INTERIOR ("DoI" or "Interior"), alleges as follows:

1) This action is under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records and/or a lawful response on the part of Defendant to one FOIA request. That FOIA request was submitted to Defendant on October 17, 2024 and is currently at issue in a different posture in Case No. 3:24-cv-1707.[1] As of the date of this Complaint, Interior has entirely failed to provide records or issue a determination with respect to that request.

---

[1] Plaintiff submits that Case No. 3:24-cv-1707 is a "related" case within the meaning of Local Rule 40. Both cases involve the same underlying FOIA request. This case challenges the Defendant's failure to respond lawfully to the Plaintiff's FOIA request on its merits and the Defendant's failure to issue a timely and lawful "determination" pursuant to 5 U.S.C.S. § 552(a)(6)(A)(i) and precedents from Interior's home courts interpreting that statutory imperative. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 404 U.S. App. D.C. 275, 277, 711 F.3d 180, 182 (D.C. Cir. 2013). Case No. 3:24-cv-1707 was filed pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), a separate statutory provision which allows judicial review on the limited issue of whether a request for expedited processing should have been granted.

2) A true and correct copy of the FOIA request at issue in this suit is attached as Exhibit A (ECF 1-1). A true and correct copy of Defendant's denial of expedited processing with respect to that FOIA request is attached as Exhibit B (ECF 1-2).

3) Defendant's October 22, 2024 correspondence denying the Plaintiff's request for expedited processing did not constitute a "determination" with respect to Plaintiff's FOIA request generally. After all, "FOIA does not contemplate partial or piecemeal determinations." *Grand Marina Inv'rs, LLC v. IRS*, No. 23-cv-1676-RCL, 2024 U.S. Dist. LEXIS 169891, at *9-10 (D.D.C. Sep. 20, 2024). Instead, the Defendant merely claimed a ten-day extension of time to provide a determination, ECF No. 1-2 at 3.

4) Accepting, *arguendo*, that Defendant was entitled to claim a ten-day extension of time to issue a "determination" with respect to Plaintiff's FOIA request, such a determination would be due not later than December 5, 2024.

5) Plaintiff's FOIA request included a request for fee waiver. Plaintiff was and is entitled to a waiver of all FOIA fees. Moreover, the agency cannot assess fees to the extent it has failed to comply with any of its statutory timeframes under FOIA. *Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31, 38 (D.D.C. 2011) (agency cannot assess fees if it failed to comply with "any time limit" of FOIA).

6) DOI's failure to issue a timely determination with respect to the Plaintiff's request within the 20-day time limit established under, *inter alia*, 5 U.S.C.S. § 552(a)(6)(A)(i), or its own claimed extension of the deadline pursuant to 43 C.F.R § 2.19, violates FOIA. Because the agency failed to issue an administrative determination capable of appeal, Plaintiff has no obligation to exhaust any administrative remedies. *Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 184 (for the proposition that

administrative remedies are "deemed" exhausted when an agency does not provide a timely determination).

7) Because DOI is ignoring FOIA's statutory deadlines, Plaintiff asks this Court to compel Defendant to search for and release records responsive to its FOIA request, and to provide an index of any claimed exempt material for purposes of further judicial review.

## PARTIES

8) Plaintiff NSSF is the trade association for the firearms industry. Since its founding in 1961, NSSF has sought to represent the broad scope of the hunting and shooting sports industry. Members of NSSF include manufacturers of sporting firearms and ammunition, a wide array of accessory and equipment manufacturers as well as distributors, retailers, shooting ranges and many other companies and organizations in the hunting and shooting sports community. NSSF's headquarters is in Shelton, Connecticut.

9) Defendant DoI is a federal agency headquartered in Washington, DC, and it has possession and control over the records that Plaintiff seeks.

## JURISDICTION AND VENUE

10) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because NSSF's principal place of business is in the District of Connecticut, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11) Administrative remedies are not available or are deemed exhausted because Defendant failed to issue a lawful and timely "determination" as required by 5 U.S.C. § 552 (a)(6)(A) or 5 U.S.C. § 552 (a)(6)(B)(i). Cf. *Navigators Ins. Co. v. DOJ*, 155 F. Supp. 3d 157, 168 n.11 (D. Conn. 2016) (administrative remedies deemed exhausted)

12) This Court has the obligation to "supervise the agency's ongoing progress, ensuring that the agency continues to exercise due diligence in processing the request." *Brennan Ctr.*

*for Justice v. United States DOJ*, 377 F. Supp. 3d 428, 433 (S.D.N.Y. 2019) (internal quotation and citation omitted). This Court is empowered to "use its equitable powers to require the agency to process documents according to a court-imposed timeline." *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014).

## STATUTORY BACKGROUND

13) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requester. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

14) 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request for information and toll the 20-day period while it awaits information reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and the agency may toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

15) Neither provision with reference to tolling applies to the instant request, and the agency has never claimed the request was tolled.

16) The agency may claim an extension of ten working days to issue a determination pursuant to 5 U.S.C. § 552(a)(6)(B)(i). Interior did claim such an extension, ECF 1-2 at

4

3 ("Extension- Ten Workdays)," but it did not meet its own extended deadline to provide a determination to NSSF.

17) Defendant owed Plaintiff a "determination" with respect to its FOIA Request, as that term is defined in *CREW*, 711 F.3d 180 at 188, by not later than December 5, 2024. To date, however, DOI has provided no lawful "determination" with respect to that FOIA request.

18) In *Bensman*, 806 F. Supp. 2d at 31, DoI's home court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements."

19) To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" Id. (*emphasis in original*).

20) Interior is now past its statutory period for issuing a lawful determination with respect to the above-described request. Further, that time has elapsed without Defendant having provided the records Plaintiff sought. Among the consequences of Interior's violation(s) of the statutory time limits of FOIA is that the agency cannot now seek fees.

21) Interior is improperly failing to search for records, failing to produce records, and failing to issue a determination.

22) For the reasons set forth above, Defendant has constructively denied Plaintiff's FOIA request.

23) Interior is constructively or actually denying Plaintiff access to agency records and a lawful determination with respect to such records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Relief

24) Plaintiff re-alleges each of the foregoing paragraphs as if fully set out herein.

25) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

26) Plaintiff has a statutory right to the information and records it seeks and that Defendant has unlawfully withheld.

27) Plaintiff is not required to further pursue administrative remedies, or alternatively is statutorily deemed to have exhausted such remedies.

28) Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA requests described above, but Defendant failed to provide them; and that

    b. Defendant's processing of Plaintiff's FOIA request described above is not in accordance with law, and does not satisfy Defendant's obligations under FOIA; and that

    c. Defendant must now produce records responsive to Plaintiff's request and must do so at no cost to Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

29) Plaintiff re-alleges each of the foregoing paragraphs as if fully set out herein.

30) Plaintiff is entitled to injunctive relief compelling Defendant to search for and produce the records responsive to the FOIA request(s) described in this pleading.

31) Plaintiff asks the Court to enter an injunction ordering Defendant to search for and produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above.

32) Plaintiff asks the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
## Costs And Fees – Injunctive Relief

33) Plaintiff re-alleges each of the foregoing paragraphs as if fully set out herein.

34) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

35) This Court should enter an injunction or other appropriate judgment or order requiring Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

NSSF respectfully requests this Court:

    a) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

    b) Supervise Interior's processing of records to ensure that Defendant provides prompt access to the requested documents under FOIA;

c) Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records and failing to notify Plaintiff of a final determination within the statutory time limit;

d) Declare the documents sought by the request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

e) Issue appropriate declaratory and injunctive relief with respect to Plaintiff's October 17, 2024 request for records and Plaintiff's entitlement to copies of the requested records;

f) Order Interior to expeditiously provide the requested records to Plaintiff within 20 business of the Court's order;

g) Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

h) Grant such other relief as this Court deems just and proper.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorneys' fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 7th day of December, 2024,

NATIONAL SHOOTING SPORTS FOUNDATION
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, District Ct. Bar. No. 31726
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com